**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURG DIVISION**

| | |
|---|---|
| Jeff Shively<br>323 Franklin St.<br>Butler, PA 16001 | Case No. |
| | Judge: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| | **UNDER THE FAIR DEBT** |
| v. | **COLLECTION PRACTICES ACT,** |
| | **INVASION OF PRIVACY AND OTHER** |
| Credit Control, LLC | **EQUITABLE RELIEF** |
| c/o CT Corporation System, Registered Agent | |
| 208 S LaSalle St | |
| Chicago, IL 60604 | **JURY DEMAND ENDORSED HEREIN** |
| Defendant. | |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices

   Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial

   district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or

   household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the

   debt.

8.  Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9.  On or around July 29, 2008, Defendant telephoned Plaintiff's father ("Father").

10. During this communication, Father notified Defendant that Plaintiff did not reside with

    parents and could not be reached at the telephone number called.

11. During this communication, Defendant disclosed to Father that Defendant was calling to

    collect a debt that Plaintiff owed.

12. Despite having notice, Defendant telephoned Father multiple times thereafter.

13. During many of these communications, Father again notified Defendant that Plaintiff did not

    reside with parents and could not be reached at the telephone number called.

14. During many of these communications, Father asked Defendant to stop calling Father.

15. During many of these communications, Defendant accused Father of lying about his identify,

    claiming that Father was actually Plaintiff.

16. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial

    anxiety and stress.

17. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive

    language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT SEVEN

### Invasion of Privacy by Public Disclosure of a Private Fact

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant released information which was private to the Plaintiff and concerned Plaintiff's private life to Plaintiff's father.

32. The disclosure of Plaintiff's debt to this party is highly offensive.

33. The information disclosed is not of legitimate concern to the public.

## COUNT EIGHT

### Invasion of Privacy by Intrusion upon Seclusion

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

36. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

37. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

38. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

39. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

40. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

41. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15

      U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C.

      §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the

      Invasion of Privacy by Intrusion upon Seclusion.

   c. Judgment, in an amount to be determined at trial, against Defendant for the Public

      Disclosure of a Private Fact.

   d. For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

LEGAL HELPERS, P.C.

By: */s/ Richard J. Meier*
Richard J. Meier
Sears Tower
233 S. Wacker Drive
Suite 5150
Chicago, IL 60606
Tel: 1.866.339.1156
Fax: 1.3612.822.1064
rjm@legalhelpers.com
Attorney for Plaintiff